FILED
U.S. DISTRICT COURT

2008 NOV 21  P 2: 13

DISTRICT OF UTAH

BY:_____
    DEPUTY CLERK

ROBERT H. WILDE #3466
wilderh@qwest.net
BRUCE M. FRANSON #I0792
brucefranson@qwest.net
ROBERT H. WILDE, ATTORNEY AT LAW, P.C.
Attorneys for Plaintiff
935 East South Union Avenue Suite D-102
Midvale, Utah 84047
Telephone: (801) 255-4774

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| SUSAN COMBE, KRYSTEL FORTIE, VALERIE KEYES, KRISTI KLITGAARD, KARON HAROLDSON, MICHAEL MCLELLAND, JACLYN MILLS, & JENNIFER PYLES,<br><br>Plaintiffs,<br><br>vs.<br><br>CINEMARK USA, INC.,<br><br>Defendant, | COMPLAINT AND JURY DEMAND<br><br>Civil No.:    2:08cv _____<br><br>Case: 1:08cv00142<br>Assigned To : Stewart, Ted<br>Assign. Date : 11/21/2008<br>Description: Combe et al v Cinemark USA |
|---|---|

Plaintiffs allege:

1. This court's jurisdiction is invoked pursuant to the provisions of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e-5(f)) (Title VII) for claims arising from actions of the Defendant in violation of Title VII, and through the court's pendant jurisdiction for other claims

asserted herein.

2.      The actions alleged herein took place in Salt Lake County, State of Utah, and venue is accordingly appropriate in this court.

3.      The Plaintiffs participated in the required administrative procedures relevant to the Title VII claims asserted herein and received Notices of Right to Sue from the Equal Employment Opportunity Commission.

4.      The Plaintiffs demand the claims alleged herein be tried to a jury.

5.      The Plaintiffs were employed by Defendant.

## BACKGROUND

### Susan Combe

6.      Plaintiff Susan Combe was employed by the Defendant on or about June 1992 and is still employed by the Defendant.

7.      During Plaintiff Combe's employment with the Defendant she suffered harassment at the hands of Kirk Swarthout, Defendant's manager and Plaintiff's direct supervisor as follows;

    a.      On or about June 30, 2005, her job was threatened because Plaintiff Combe assisted in the investigation of sexual harassment filed against Swarthout.

    b.      Plaintiff Combe's hours were cut out of retaliation for filing complaint against Defendant.

    c.      Swarthout used the name of "Jesus Christ" constantly in her presence which language offended Plaintiff Combe.

    d.      Swarthout would taunt Plaintiff Combe about her looks and say she looked like Paris

       Hilton's mother even after Combe asked him to stop.

e.    Swarthout would sing "Suzie Q, Baby I Love You" when he would see Plaintiff Combe which she found offensive and unprofessional.

f.    Swarthout often would stand so close to her when addressing her as to make Plaintiff Combe extremely uncomfortable.

g.    Other employees told her they had been told not to talk with her after Plaintiff Combe had filed a complaint against Defendant.

h.    After the charge of discrimination was filed Defendant Combe was told she couldn't do scheduling at home and submit her time for reimbursement which other managers were allowed to do, seriously inconveniencing her.

i.    Because of having filed charges which led to this action Plaintiff Combe has been denied promotions which she would have otherwise received.

8.    Plaintiff Combe had her time cut back from 70 hours per pay period to 30-40 hours per pay period being subjected to retaliation as a result of her complaints about Swarthout and as a result has suffered damage consisting of lost wages in the amount of not less than $22,000.00.

9.    Plaintiff Combe has also suffered anxiety and emotional distress as a result of the illegal actions of the Defendant in an amount to be shown by proof at the time of trial.

10.    The actions of the Defendant in its dealings with Plaintiff Combe resulted from the Defendant's reckless disregard of her federally protected rights and she is entitled to punitive damages in an amount to be shown by proof at the time of trial.

                              Krystel Fortie

11. Plaintiff Krystel Fortie was employed by the Defendant on or about May of 2002 and left the Defendant's employment on or about the Fall of 2006.

12. During Plaintiff Fortie's employment with the Defendant she suffered harassment at the hands of Kirk Swarthout, Defendant's manager and Plaintiff's direct supervisor as follows;

    a. Plaintifft Fortie was subjected to numerous disparaging religious remarks regarding Mormons.

    b. Plaintiff Fortie was subjected to various inappropriate sexual comments in staff meetings, including those where Swarthout told the employees to watch pornographic movies.

    c. Plaintiff Fortie was subjected to sexually based name calling.

    d. Plaintiff Fortie was not given her yearly wage increase as other managers received in retaliation for having asserted claims sexual harassment against Swarthout.

    e. Plaintiff Fortie was retaliated against after complaining about Swarthout's behavior in the manner in which she was treated by Swarthout and others.

    f. Plaintiff Fortie was ignored and left out of meetings which by virtue of her job, she should have attended.

13. Plaintiff Fortie was fired by the Defendant as a result of her complaints about Swarthout and as a result has suffered damage consisting of lost wages in the amount of not less than $9,000.

14. Plaintiff Fortie has also suffered anxiety and emotional distress as a result of the illegal actions of the Defendant in an amount to be shown by proof at the time of trial.

15. The actions of the Defendant in its dealings with Plaintiff Fortie resulted from the Defendant's reckless disregard of her federally protected rights and she is entitled to punitive damages in an amount to be shown by proof at the time of trial.

### Valerie Keyes

16. Plaintiff Keyes was employed by the Defendant on or about June 2000 and left the Defendant's employment on or about June 28, 2005.

17. During Plaintiff Keyes's employment with the Defendant she suffered sexual harassment at the hands of Kirk Swarthout, Defendant's manager and Plaintiff's direct supervisor as follows; Plaintiff Keyes witnessed Swarthout sexually harass a co-worker and reported it to another manager after which she was treated with hostility by Swarthout and others employed by Defendant.

18. Plaintiff Keyes was fired by the Defendant as a result of her complaints about Swarthout (was subjected to retaliation as a result of her complaints about Swarthout) and as a result has suffered damage consisting of lost wages in the amount of not less than $23,000.

19. Plaintiff Keyes has also suffered anxiety and emotional distress as a result of the illegal actions of the Defendant in an amount to be shown by proof at the time of trial.

20. The actions of the Defendant in its dealings with Plaintiff Keyes resulted from the Defendant's reckless disregard of her federally protected rights and she is entitled to punitive damages in an amount to be shown by proof at the time of trial.,

### Krisit Klitgaard

21. Plaintiff Klitgaard was employed by the Defendant on or about January 1996.

22. During Plaintiff Klitgaard's employment with the Defendant she suffered sexual

harassment at the hands of Kirk Swarthout, Defendant's manager and Plaintiff's direct supervisor as follows;

    a.    Swarthout would stand too close when addressing Plaintiff Klitgaard or other employees by standing inches from face ; would put hands on their shoulders or arms and otherwise touch them in an offensive and sexually suggestive manner.

    b.    Swarthout would raise his leg up on a chair next to other female employees so that Plaintiff Klitgaard's face was was immediately adjacent to his crotch area.

    c.    Swarthout would lean over Plaintiff Klitgaard as she was working on the computer and physically touch her with both arms so in a sexually suggestive manner.

    d.    Swarthout told Plaintiff Klitgaard that she "would win a wet t-shirt contest", which offended her.

    e.    Swarthout talked about the pornographic books he kept on his coffee table and say that every red blooded American male looks at it, which Plaintiff Klitgaard found inappropriate in a business meeting as well as personally offensive.

    f.    Swarthout retaliated against Plaintiff Klitgaard for filing complaints by asking others to spy on her.

    g.    Swarthout compared "California Mormons" to slutty women. Plaintiff Klitgaard is a Mormon and is from California and was offended by these comments..

23.    As a result of the actions of Swarthout and the Defendant Plaintiff Klitgaard has suffered damage consisting of lost wages in the amount of not less than $25,000.

24.    Plaintiff Klitgaard has also suffered anxiety and emotional distress as a result of the

illegal actions of the Defendant in an amount to be shown by proof at the time of trial.

25.     The actions of the Defendant in its dealings with Plaintiff Klitgaard resulted from the Defendant's reckless disregard of her federally protected rights and she is entitled to punitive damages in an amount to be shown by proof at the time of trial.

### Karon Haroldson

26.     Plaintiff Haroldson was employed by the Defendant on or about May 2002 and left the Defendant's employment on or about May 2005.

27.     During Plaintiff Haroldson's employment with the Defendant she suffered sexual harassment at the hands of Kirk Swarthout, Defendant's manager and Plaintiff's direct supervisor as follows;

    a.  Swarthout often would stand inordinately close when addressing Plaintiff Haroldson and other female employees which Plaintiff Haroldson found extremely uncomfortable.

    b.  Swarthout would touch Plaintiff Haroldson and others in a sexual fashion on their arms which made Plaintiff Haroldson uncomfortable.

    c.  Swarthout made sexual comments in meetings, talking about pornography which offended Plaintiff Haroldson.

28.     Plaintiff Haroldson was fired by the Defendant as a result of her complaints about Swarthout and as a result has suffered damage consisting of lost wages in the amount of not less than $38,000.

29.     Plaintiff Haroldson has also suffered anxiety and emotional distress as a result of the

illegal actions of the Defendant in an amount to be shown by proof at the time of trial.

    30.    The actions of the Defendant in its dealings with Plaintiff Haroldson resulted from the Defendant's reckless disregard of her federally protected rights and she is entitled to punitive damages in an amount to be shown by proof at the time of trial.

### Michael McLelland

    31.    Plaintiff McLelland was employed by the Defendant on or about April 2001 and left the Defendant's employment on or about August 6, 2007.

    32.    During Plaintiff McLelland's employment with the Defendant he suffered sexual harassment at the hands of Kirk Swarthout, Defendant's manager and Plaintiff's direct supervisor as follows;

    a.    Swarthout would make sexual comments during management meetings referring to the movie 'Basic Instinct' and a documentary 'Inside Deep Throat', saying all males should see them which offended Plaintiff McLelland.

    b.    Plaintiff McLelland witnessed Swarthout touching or leaning over female employees which made them uncomfortable. Female employees would stand behind Plaintiff McLelland so that Swarthout could not touch them; female employees would come to Plaintiff McLelland to calm down after being harassed by Swarthout.

    c.    After Plaintiff McLelland complained to management about Swarthout's behavior, Swarthout began keeping him from meetings, ignoring him at work, and communicated with him through other employees rather than talking directly to him, creating a hostile environment.

    d.      Swarthout demoted Plaintiff McLelland in retaliation for submitting complaints to corporate management.

33.     Plaintiff McLelland was subjected to retaliation as a result of his complaints about Swarthout and lost management differential wages until his termination and as a result has suffered damage consisting of lost wages in the amount of not less than $26,703.

34.     Plaintiff McLelland has also suffered anxiety and emotional distress as a result of the illegal actions of the Defendant in an amount to be shown by proof at the time of trial.

35.     The actions of the Defendant in its dealings with Plaintiff McLelland resulted from the Defendant's reckless disregard of her federally protected rights and she is entitled to punitive damages in an amount to be shown by proof at the time of trial.

### Jaclyn Mills

36.     Plaintiff Mills was employed by the Defendant on or about June 7, 2001 and left the Defendant's employment on or about March 30, 2005.

37.     During Plaintiff Mills's employment with the Defendant she suffered sexual harassment at the hands of Kirk Swarthout, Defendant's manager and Plaintiff's direct supervisor as follows;

    a.      Plaintiff Mills was subjected to Swarthout's sexual comments at meetings and other sexual innuendoes while at work.

    b.      Plaintiff Mills was subjected to Swarthout's religious comments regarding her upcoming marriage, her modest wedding dress and her 'worthiness'.

    c.      Plaintiff Mills witnessed Swarthout yelling at other female employees outside behind

       the building.

    d.    Swarthout would stand too close or touch Plaintiff Mills's arms in a sexually suggestive fashion when talking to her which offended her.

    e.    Swarthout would discuss in Plaintiff Mills' presence how a good sex scene in a movie shows males how to relieve themselves which offended her.

38.    Plaintiff Mills was constructively terminated by the Defendant and as a result has suffered damage consisting of lost wages in the amount of not less than $9,000.

39.    Plaintiff Mills has also suffered anxiety and emotional distress as a result of the illegal actions of the Defendant in an amount to be shown by proof at the time of trial.

40.    The actions of the Defendant in its dealings with Plaintiff Mills resulted from the Defendant's reckless disregard of her federally protected rights and she is entitled to punitive damages in an amount to be shown by proof at the time of trial.

### Jennifer Pyles

41.    Plaintiff Pyles was employed by the Defendant on or about April 25, 1996 and left the Defendant's employment on or about October 30, 2005.

42.    During Plaintiff Pyles's employment with the Defendant she suffered sexual harassment at the hands of Kirk Swarthout, Defendant's manager and Plaintiff's direct supervisor as follows;

    a.    Swarthout talked in the presence of Plaintiff Pyles about the explicit magazines and pornography he had at this home and how every healthy male looks at pornography all of which offended Plaintiff Pyles.

    b.      Swarthout talked to Plaintiff Pyles about her mother and how he thought she was 'hot' and how if he married her he could be her 'new dad', which Plaintiff Pyles offensive.

    c.      Swarthout would refer to Plaintiff Pyles as 'his favorite girl' which Plaintiff Pyles found offensive.

    d.      Swarthout would stand inappropriately close to Plaintiff Pyles as to 'smell' in a sexually suggestive fashion which Plaintiff Pyles found offensive.

    e.      Swarthout intimidated Plaintiff Pyles taking her to the back of the building and threatening her job because she had talked with corporate management and told her 'he could have her paycheck here tomorrow', retaliating against her.

43.    Plaintiff Pyles was constructively terminated after complaining about Swarthout and as a result has suffered damage consisting of lost wages in the amount of not less than $24,000.

44.    Plaintiff Pyles has also suffered anxiety and emotional distress as a result of the illegal actions of the Defendant in an amount to be shown by proof at the time of trial.

45.    The actions of the Defendant in its dealings with Plaintiff Pyles resulted from the Defendant's reckless disregard of her federally protected rights and she is entitled to punitive damages in an amount to be shown by proof at the time of trial.

### FIRST CAUSE OF ACTION - TITLE VII NEGLIGENCE

46.    Defendant knew, of reasonably should have known, through its managers, that Swarthout was engaging in the unlawful and offensive behavior alleged above by sexually harassing and retaliating against the Plaintiffs.

47. Defendant had a duty to maintain a workplace free from sexual harassment and retaliation.

48. Notwithstanding the Defendant's duty to maintain a workplace free from sexual harassment and retaliation the Defendant failed to do so and failed to take sufficient actions to maintain such a workplace.

49. The failure of the Defendant to enforce the law and to protect the Plaintiffs from Swarthout constitutes negligence and makes the Defendant liable to the Plaintiffs for their damages alleged herein.

## SECOND CAUSE OF ACTION - TITLE VII VICARIOUS LIABILITY

50. At all times relevant hereto Swarthout was the Plaintiffs' immediate supervisor.

51. The facts described above constituted both a pervasive hostile environment and severely hostile environment.

52. The Defendant took tangible employment actions with regards to the Plaintiffs as alleged herein.

53. As a result of the actions and/or inactions of the Defendant it is liable to the Plaintiffs for the damages alleged herein.

## THIRD CAUSE OF ACTION - TITLE VII RETALIATION

54. The Plaintiffs engaged in protected activity in opposing the sexual and religious harassment alleged herein.

55. The actions of the Defendant in terminating Plaintiffs, reducing their hours, failing to give them raises which they would have otherwise have received, ostracizing them, and generally

harassing them in response to opposing the harassment constitutes retaliation which is specifically prohibited by Title VII.

56. As a result of the actions and/or inactions of the Defendant, it is liable to the Plaintiffs for the damages alleged herein.

### FOURTH CAUSE OF ACTION - INJUNCTION

57. The facts alleged show a broad history of sexual harassment by the Defendant through its manager and a failure to take any meaningful action to stop harassment once it was reported.

58. Title VII allows the court to enter an injunction enjoining the Defendant from violating its provisions.

59. The court should enter an injunction enjoining the Defendant from violating Title VII in the future.

Wherefore Plaintiffs pray judgment against the Defendant as follows:

1. For the Plaintiffs' lost wages occasioned by the Defendant's violations of Title VII,

2. For the Plaintiff's special damages occasioned by the wrongful actions of the Defendant,

3. For the Plaintiff's general damages occasioned by the wrongful actions of the Defendant,

4. For punitive damages occasioned by the Defendant willful or reckless violation of the Plaintiffs' federally protected right,

5. For attorneys fees pursuant to Title VII,

6. For an injunction from this court enjoining the Defendant from violating the Act in

the future.

7. For interest on the foregoing and for such other relief as the court deems just and equitable.

DATED this 21st day of November, 2008.

ROBERT H. WILDE
BRUCE M. FRANSON
Attorneys for Plaintiff