UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| SUSAN COMBE, KRYSTEL FORTIE, VALERIE KEYES, KRISTI KLITGAARD, KARON HAROLDSON, MICHAEL MCLELLAND, JACLYN MILLS, & JENNIFER PYLES,<br><br>    Plaintiffs,<br><br>    v.<br><br>CINEMARK USA, INC.,<br><br>    Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART DEFENDANT'S MOTION TO COMPEL FURTHER RESPONSES TO DEFENDANT'S FIRST SET OF DISCOVERY**<br><br>Case Number: 1:08-cv-00142-TS-DN<br>District Judge: Ted Stewart<br><br>Magistrate Judge: David Nuffer |

Defendant's Motion to Compel Further Responses to Defendant's First Set of Discovery,[1] including a motion for an award of attorney's fees, is before this Court. For the reasons set forth below, Defendant's motion is GRANTED IN PART.

## DISCUSSION

**NATURE OF THE CASE**

Plaintiffs brought an action against Cinemark USA, Inc. under Title VII for sexual and religious harassment, retaliation, and wrongful termination.[2] On February 24, 2009, Defendant served its First Set of Interrogatories and Requests for Production on Plaintiffs, seeking the following items now in dispute:

---

[1] Motion to Compel Further Responses to Defendant's First Set of Discovery (Motion to Compel), docket no. 24, filed July 6, 2009.

[2] Memorandum Opposing Defendant's Motion to Compel Discovery (Opposing Memorandum), docket no. 29, filed July 13, 2009.

- information regarding Plaintiffs' employment held prior and subsequent to Plaintiffs' employment at Cinemark;
- information regarding Plaintiffs' medical history and medical treatment since 2005;
- information regarding Plaintiffs' income for the past five years;
- completed and signed Authorization for Release of Employment Records Form, Authorization By Patient for Release of Protected Health Information Form, a Utah State Tax Commission Request for Tax Records form, and a Form 4506 Request for Copy of Tax Return (collectively "authorization forms"); and
- information regarding fee arrangements between Plaintiffs and their counsel.[3]

Defendant claims the Plaintiffs are unresponsive on these topics and seeks a mandate for the production of further documents and information.[4]

**EMPLOYMENT INFORMATION**

Defendant served interrogatories requesting evidence of Plaintiffs' pre- and post-Cinemark employment, including names, addresses, and telephone numbers of each employer, dates of employment, monthly income, total gross income, and if applicable, the reason for the termination of employment.[5]  Defendant also requested all documents relating to offers, terms and conditions of employment,[6] and complaints filed with any state and local Fair Employment Practices Agency, performance reviews, disciplinary records, and applications for employment.[7]

Both parties agree that Defendant is entitled to the information provided for under the rationale of *Shirazi v. Childtime Learning Ctr. Inc*, which includes: "(1) claims of discrimination asserted by Plaintiff; (2) Plaintiff's wages and benefits; and (3) workers' compensation claims,

---

[3] Memorandum of Points and Authorities in Support of Defendant's Motion to Compel Further Responses to Defendant's First Set of Discovery (Memorandum in Support) at 3-4, docket no. 25, filed July 6, 2009.

[4] Memorandum in Support at 4.

[5] Memorandum in Support at 5; Interrogatory Nos. 3 and 4.

[6] Memorandum in Support at 5; Request Nos. 38 and 39.

[7] Defendant's Reply in Further Support of Defendant's Motion to Compel Further responses to Defendant's First Set of Discovery at 4 (Defendant's Reply), docket no. 30, filed July 23, 2009; Request No. 32.

unemployment claims, labor claims, and claims filed with the EEOC" about this employer.[8]
Plaintiffs, however, contend that Defendant's requests for offers, terms and conditions of
employment, complaints filed with any state and local Fair Employment Practices Agency,
performance reviews, disciplinary records, and applications for employment are more extensive
than *Shirazi* allows.[9]

The classes of documents and information authorized by *Shirazi* are sufficient for the
issue in this case.  Plaintiffs are ordered to produce both the information requested in
Interrogatory Nos. 3 and 4 and "any claims of discrimination asserted by Plaintiff[s] against any
prior or subsequent employers . . . Plaintiff[s'] wages and benefits from prior and subsequent
employers . . . [and] any workers' compensation claims, labor claims, unemployment claims, or
claims filed with the EEOC" about this employer.[10]

## MEDICAL RECORDS

Defendant requests all evidence relating to Plaintiffs' medical history and treatment
sought by the Plaintiffs since 2005.  Plaintiffs argue they have not put their medical and
psychological health at issue by seeking damages for emotional distress.  Plaintiffs raise "garden
variety" claims of general emotional distress manifestations that do not compel the discovery of
medical records.[11]  Plaintiffs have made no claims for specific diagnosed maladies and are thus
not required to produce medical records.

---

[8] *Shirazi v. Childtime Learning Ctr., Inc.*, No. CIV-07-1289-C, 2008 WL 4792694, at *3 (W.D. Okla. Oct. 31, 2008)
(unpublished); Opposing Memorandum at 3.

[9] Opposing Memorandum at 2-4.

[10] *Shirazi.*, 2008 WL 4792694, at *3.

[11] *See EEOC v. The Vail Corp.,* No. 07-cv-02035-REB-KLM, 2008 WL 4489256, at *5 (D. Colo. Oct. 2, 2008);
*Kankam v. Univ. of Kan. Hosp. Auth.*, No. 07-2254-KHV, 2008 WL 4369315, at **-4 (D. Kan. Sept. 23, 2008);
*Shreck v. N. Am. Van Lines. Inc.,* No. 05-CV-601-TCK-PJC, 2006 WL 1720545, at *2 (N.D. Okla. June 19, 2006).

**FEDERAL AND STATE INCOME TAX RETURNS**

Defendant asks Plaintiffs to produce "all evidence relating or referring to Plaintiffs' income for the last five years, including Plaintiffs' state and federal tax returns."[12]  Plaintiffs agreed to produce W-2s to show their income, but refuse to provide other tax documents, arguing such a request is overbroad.[13]  As Plaintiffs note, without a compelling need, policy limits disclosure of tax returns in general civil litigation.[14]  Where adequate verifiable information regarding income  is otherwise available, Plaintiffs' tax returns are not discoverable on a claim for emotional distress.[15]

**AUTHORIZATION FORMS**

Defendant requests that each Plaintiff sign authorization forms related to employment, medical, and tax records.  As discussed above, Defendant is not entitled to discovery of medical records and tax returns, therefore making the requested authorizations unnecessary.  Plaintiffs themselves will provide the relevant information about other employment.

**ENGAGEMENT INFORMATION**

Defendant requests the production of the fee agreements between Plaintiffs and their counsel, arguing such information is discoverable because the Plaintiffs put the terms of their agreement at issue by seeking attorney's fees in their Complaint.  Plaintiffs argue that such information is not discoverable unless attorney's fees are awarded.  Defendant has not shown that the information about attorney engagement would lead to any admissible evidence on

---

[12] Motion to Compel ¶ 3.

[13] Opposing Memorandum at 4-5.

[14] Opposing Memorandum at 5 (citing  *Biliske v. American Live Stock Ins. Co.*, 73 F.R.D. 124, 126 n.1 (W.D. Okla. 1977); *Cont'l Coal, Inc. v. Cunningham*, No. 06-2122-KHV, 2007 WL 4241848, at *3 (D. Kan. Nov. 28, 2007)).

[15] *See Robinson v. Duncan*, 255 F.R.D 300, 302-03 (D.D.C. 2009).

substantive claims.  While attorney engagement information *may* become an issue at some later point, Plaintiffs' retainer agreements are not discoverable at this time.

**PLAINTIFF'S JOURNAL**

Defendant requests Plaintiffs produce all of Plaintiff Fortie's journal entries since 2005 in their entirety.  Plaintiffs produced three relevant entries with redactions relating to Plaintiff Fortie's and other Cinemark employees' impressions of General Manager Kirk Swarthout, his alleged misconduct and the Cinemark internal investigation.  Plaintiffs' counsel objected to providing the journal in its entirety, claiming the relevant portions of the journal had been produced, but offered to submit the balance for in camera inspection by the Court.  Without any limit on relevancy, the entire journal is not discoverable.  A plaintiff does not expose her entire private life to adverse scrutiny by filing suit.  Plaintiff Fortie need not produce the journal in its entirety for the Defendant because the unrelated entries are not "reasonably calculated to lead to the discovery of admissible evidence."[16]  On or before August 28, 2009, Plaintiff Fortie shall, however, provide any other journal entries related to the subject matter of the claims in this suit. Within fourteen days after such delivery, Defendant may request in camera review of the journal.

**ATTORNEYS FEES**

Because Defendant claims that Plaintiffs were not justified in refusing to answer and produce documents, Defendant requests reasonable attorney's fees pursuant to Federal Rule of Civil Procedure 37(a)(5).  Plaintiffs argue their objections were substantially justified, as

---

[16] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351-52 (1978).

reasonable people could differ on the appropriateness of the objections.[17]  The court finds the objections were substantially justified,[18] and thus denies an award of attorney's fees.

## **ORDER**

IT IS HEREBY ORDERED that the motion to compel[19] is GRANTED IN PART, in that no later than August 28th

a.  Plaintiffs shall answer Defendant's Interrogatory Nos. 3 and 4 and produce the following documentation relating to pre- and post-Cinemark employment: (1) claims of discrimination against any prior or subsequent employers; (2) wages and benefits from any prior and subsequent employers; and (3) any claims filed with the EEOC about this employer; and

b.  Plaintiff Fortie shall provide any other journal entries related to the subject matter of the claims in this suit.

SIGNED August 18, 2009.


BY THE COURT


David Nuffer
United States Magistrate Judge

---

[17] Opposing Memorandum at 8 (citing *Pierce v. Underwood,* 487 U.S. 552, 565 (U.S. 1988)).

[18] *Hutchinson v. Pfeil*, No.98-5043, 1999 WL 1015557, at *2-3 (10th Cir.  Nov. 9, 1999).

[19] Motion to Compel, docket no. 24, filed July 6, 2009.