ROBERT H. WILDE #3466
wilderh@qwest.net
BRUCE M. FRANSON #10792
brucefranson@qwest.net
ROBERT H. WILDE, ATTORNEY AT LAW, P.C.
Attorneys for Plaintiff
935 East South Union Avenue Suite D-102
Midvale, Utah 84047
Telephone:  (801) 255-4774

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SUSAN COMBE, KRYSTEL FORTIE, VALERIE KEYES, KRISTI KLITGAARD, KARON HAROLDSON, MICHAEL MCLELLAND, JACLYN MILLS, & JENNIFER PYLES,<br><br>Plaintiffs,<br><br>vs.<br><br>CINEMARK USA, INC.,<br><br>Defendant, | OPPOSITION TO DEFENDANT'S PARTIAL OBJECTIONS TO ORDER GRANTING IN PART DEFENDANT'S MOTION TO COMPEL FURTHER RESPONSES TO DEFENDANT'S FIRST SET OF DISCOVERY<br><br>Civil No.:    1:08cv 142 TS<br><br>Judge Ted Stewart |

**STANDARD OF REVIEW**

Defendant's objection is made pursuant to 28 U.S.C. § 636(b)(1)(A) and its counterpart, Rule 72(a), Federal Rules of Civil Procedure, which permits the district court to "consider timely objections and modify or set aside any part of [a magistrate judge's non-dispositive order] that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); see also *Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006) (identifying 28 U.S.C. § 636(b)(1) as Rule 72(a)'s "statutory

companion.").

Magistrate judges have wide discretion in discovery rulings. *Wight v. Downing*, 2009 WL 1043979 *1 (D. Utah Apr. 17, 2009) (citing *Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1300 (10th Cir. 1999). In reviewing a magistrate judge's discovery order, the district court must "defer to the magistrate judge's ruling" and "affirm unless it 'on the **entire evidence** is left with the definite and firm conviction that a mistake has been committed.'" *Allen*, 468 F.3d at 658 (quoting *Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458, 1464 (10th Cir. 1988)) (emphasis added). To be clearly erroneous, "a decision must strike the court as more than just maybe or probably wrong; it must strike the court as wrong with the force of a five-week old, unrefrigerated dead fish." *Menzies v. Friel*, 2005 WL 2138653 (D. Utah Sep. 1, 2005) (quoting *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988).

The Court should overrule Defendant's objection because the Magistrate Judge appropriately determined that the discovery Defendant sought exceeded the scope of discovery allowed under the Federal Rules of Civil Procedure and the Federal Rules of Evidence. The Magistrate Judge's order should be affirmed and Defendant's objection should be overruled.

## THE MEDICAL RECORDS ARE NOT DISCOVERABLE

Defendant seeks production, through releases signed by the Plaintiffs, of their medical records on the grounds that they relate to the Plaintiffs' claims for damages arising from emotional distress. To the extent any medical records involve mental health (including physical conditions tied to mental health), they should be considered psychological records for purposes of this motion. *Fitzgerald v. Cassil*, 216 F.R.D. 632, 634 (N.D. Cal. 2003). To the extent the medical records relate to other physical maladies they do not relate to matters in controversy in this case and are not

discoverable at all because Plaintiffs have made no claims for bodily injury.

Defendant suggests that merely claiming general damages based on emotional distress makes a Plaintiff's medical history discoverable. That standard is not applied by courts in this Circuit. In virtually every case where medical records have been held to be discoverable the court has specifically analyzed the allegations made by the claimant to see if they allege specific harm or the sort of general harm one would experience in a negative employment setting. In *Phalp v. City of Overland Park*, 2002 U.S. Dist. LEXIS 999 (D. Kan. Jan. 21, 2002), the Defendant sought to obtain the Plaintiff's medical records. There the court reviewed relevant case law and described the standard to be applied to such requests.

> The majority of courts will not find good cause to require a Plaintiff to submit to a medical examination unless, in addition to a claim for emotional distress damages, one or more of the following factors is also present: (1) Plaintiff has asserted a specific cause of action for intentional or negligent infliction of emotional distress; (2) Plaintiff has alleged a specific mental or psychiatric injury or disorder, (3) Plaintiff has claimed unusually severe emotional distress; (4) Plaintiff has offered expert testimony in support of his claim for emotional distress damages; and (5) Plaintiff concedes that his mental condition is "in controversy" within the meaning of Fed. R. Civ. P. 35(a).

Defendant suggests that Rule 35 Fed. R. Civ. P. describes a different standard for consideration of its request for medical records than that for producing their records. In fact Rule 35 is the source of the standard for producing these records. As *Phalp* shows, it is Rule 35 which allows privileged information, like that sought by the Defendant, to be discovered only if it is "in controversy," a term taken directly from Rule 35. One of the questions to be answered is have the Plaintiffs put their condition "in controversy." *Phalp* shows that where the claimed emotional damage may be described as "garden variety" the majority of courts find they have not. In *Phalp*

discovery of the records was allowed but only because the Plaintiff alleged "... a 'specific mental or psychiatric injury' and 'unusually severe emotional distress' in the form of depression as a result of Defendants' alleged misconduct." *Id*. The Judge Nuffer correctly followed the prevailing law in this Circuit.

Further, it has been held that the Rule 35 analysis is the proper analysis where that which is sought to be discovered is psychological records because the interests are similar. "Many, if not most, people would undoubtedly prefer to submit to a mental examination, in which they have a degree of control over what information is revealed, than to have the records of their past psychotherapy sessions disclosed to their adversaries in litigation." *Fritsch v. City of Chula Vista*, 187 F.R.D. 614, 632 (S.D. Cal. 1999).

The Defendant's citation to Rule 26(b)(1) Fed. R. Civ. P. glosses over the real issue. Under that rule discovery may only be obtained of "... any not privileged matter ..." The patient therapist privilege which the Defendant seeks to invade is a recognized privilege in federal evidence law described by the Supreme Court in *Jaffee v. Redmond,* 518 U.S. 1, 116 S. Ct. 1923, 1931, 135 L. Ed. 2d 337 (1996).

Synthesizing related case law the following analysis is proper.

A) Have the Plaintiffs put their condition "in controversy" as that term is defined by Rule 35 Fed. R. Civ. P.? They have if, and only if, they allege a specific cause of action for intentional or negligent infliction of emotional distress, allege a specific mental or psychiatric injury or disorder, claim unusually severe emotional distress, offer expert testimony in support of the claim for emotional distress damages, or concede that mental condition is "in controversy" within the meaning. Here the Plaintiffs have not put their condition in controversy using that standard.

      B) Is that which the Defendant seeks to discover privileged? If not, discovery is allowed. If so, further consideration is required. Here the records are privileged under *Jaffee*. The extent of the privilege identified in *Jaffee* has been held to be stronger than other privileges. *Fitzgerald v. Cassil*, 216 F.R.D. 632, 639 (N.D. Cal. 2003) (While a Rule 35(a) examination may compromise a litigant's privacy, waiver of the psychotherapist-patient privilege entails more than an invasion of privacy; it threatens access to treatment by breaking the "imperative need for confidence and trust" upon which psychotherapy is rooted. *Jaffee*, 518 U.S. at 10.)

      C) Do other policy considerations come to bear? At least one court has held that where the discovery is sought in an action seeking to vindicate statutory civil rights public policy demands a more stringent analysis of discovery claims lest offended Plaintiffs be dissuaded from vindicating their rights. *Fitzgerald v. Cassil*, supra.

      Comparison of fact specific cases showing what other courts have done is not particularly helpful. *Billings v. Town of Grafton*, 515 F.3d 39, 49 (1st Cir. Mass. 2008). The fact that another court has allowed discovery when a Plaintiff alleged that her clinical depression was caused by actions in the workplace is singularly unhelpful in analyzing a case where the complaints are merely "garden variety". Defendant's cites to other such cases do not carry the day. When this court looks at the analytical construct used by other courts in considering similar motions it too will reach the conclusion Judge Nuffer reached, the medical records are not discoverable.

## CONCLUSION

      The Defendant's pending motion is the last strand in its spaghetti cook's approach to discovery - throw everything at the wall and see if anything sticks. In its motion to compel Defendant asked that;

a) Plaintiffs produce information on other employment greater than that listed in *Shirazi v. Childtime Learning Ctr., Inc*., No. CIV-07- 1289-C, 2008 WL 4792694, at *3 (W.D. Okla. October 31, 2008). Plaintiffs had already agreed to produce categories included in *Shirazi*. Judge Nuffer correctly limited discovery to the *Shirazi* standard.

b) Plaintiffs produce full state and federal tax returns. Plaintiffs had already produced their W-2's. Judge Nuffer correctly rejected Defendant's request.

c) Plaintiffs sign releases for medical and employment information. Judge Nuffer correctly rejected Defendant's request because other procedures within the discovery rules sufficed.

d) Plaintiffs produce their retainer agreements with counsel. Judge Nuffer correctly rejected Defendant's request because they are not currently at issue.

e) Plaintiff Fortie produce her entire journal. Judge Nuffer correctly rejected Defendant's request because a Plaintiff does not open every aspect of her life to scrutiny merely by filing a law suit.

f) Plaintiffs produce their medical records. Judge Nuffer correctly rejected Defendant's request because Plaintiffs' garden variety emotional distress allegations do not place their psychological condition in controversy and because the records are privileged under *Jaffee* .

The Defendant's current concern has no more substance than its others which were properly rejected by Judge Nuffer. This court should grant great deference to Judge Nuffer's analysis and order. The records the Defendant seeks are specifically privileged and have not been put in controversy by the Plaintiffs' pleadings or otherwise. The Memorandum Decision and Order was well thought out and reached the proper conclusion. This court should overrule the Defendant's motion and sustain that Order.

DATED this 4th day of September, 2009.

/s/ Robert H. Wilde
ROBERT H. WILDE
BRUCE M. FRANSON
Attorneys for Plaintiffs

Delivery Certificate

I hereby certify that a true and correct copy of the foregoing **Objection** to be served by the method(s) indicated below and addressed to the following on this 4th day of September, 2009.

M. Brett Burns
Anna Suh
Hunton & Williams LLP
575 Market Street - #3700
San Francisco, California 94105
Via Telefax 415-975-3701
mbrettburns@hunton.com
asuh@hunton.com

Kathleen W. Toth
MANNING CURTIS BRADSHAW & BEDNAR LLD
170 South Main, Suite 900
Salt Lake City, UT 84101
Via Facsimile 801-364-5678
801-363-5678
ktoth@mc2b.com


( ) U.S. Mail, Postage Prepaid
( ) Hand Delivered
( ) Overnight Mail
( ) Facsimile
( ) E-mail
(x) CM/ECF Posting

/s/ Robert H. Wilde