IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SUSAN COMBE, KRYSTEL FORTIE, VALERIE KEYES, KRISTI KLITGAARD, KARON HAROLDSON, MICHAEL MCLELLAND, JACLYN MILLS, & JENNIFER PYLES<br><br>Plaintiffs,<br><br>vs.<br><br>CINEMARK USA, INC.,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR IN CAMERA REVIEW OF PLAINTIFF FORTIE'S JOURNAL**<br><br>Case No: 1:08-CV-00142-TS-DN<br><br>District Judge: Ted Stewart<br><br>Magistrate Judge David Nuffer |

Defendant's Motion for In Camera Review of Plaintiff Fortie's Journal[1] is, for the reasons set forth below, GRANTED, and additional production is ordered.

## BACKGROUND

Plaintiffs brought an action against Cinemark USA, Inc. under Title VII for sexual and religious harassment, retaliation, and wrongful termination.[2] Discovery ensued and the Defendant's request for production of documents included a request for copies of any journals kept by any Plaintiff. Plaintiff Fortie produced three redacted pages from her journal. Defendant objected, seeking the entire journal, and filed a motion to compel.[3] Plaintiff resisted production of the journal and the Court ordered that "[o]n or before August 28, 2009, Plaintiff Fortie shall . .

---

[1] Motion for In Camera Review of Plaintiff Fortie's Journal, docket no. 35, filed September 2, 2009.

[2] Memorandum Opposing Defendant's Motion to Compel Discovery (Opposing Memorandum), docket no. 29, filed July 13, 2009.

[3] Motion to Compel Further Responses to Defendant's First Set of Discovery (Motion to Compel Further Responses), docket no. 24, filed July 6 2009.

. provide any other journal entries related to the subject matter of the claims in this suit. Within fourteen days after such delivery, Defendant may request in camera review of the journal."[4] On August 28, 2009, Plaintiff Fortie provided additional pages to Defendant.[5] On September 2, 2009, the Defendant moved for an in camera review of Ms. Fortie's journal[6] and the following day Plaintiff Fortie delivered the entire journal to the Court. On September 4, 2009 she filed her formal response to the Defendant's motion for in camera review.[7]

The Court has reviewed the journal and finds that the only additional pages to be produced are pages 143-144 (with redactions). Further, some of the pages already produced should have slightly fewer redactions. Thus, the Defendant's motion is granted and some additional production is ordered.

## **DISCUSSION**

In its review, the Court kept in mind the request of the Defendant, found in footnote 1 of its Motion for In Camera Review:

> Defendant respectfully asks the Court to note that this is a multi-plaintiff case when conducting the requested in-camera review. Thus Plaintiff Fortie's journal may have references to or concerning any of the multiple other plaintiffs, to or concerning her former supervisor (Kirk Swarthout) or her former employer (Cinemark), both about whom she complains in this lawsuit, or to or concerning coworker witnesses. Such references could lead to the discovery of admissible evidence, and this would be in addition to any references to events personal to Fortie that could lead to the discovery of admissible evidence. (*See e.g.* Declaration of M. Brett Burns in Support of Defendant's Motion to Compel Further Responses to Defendant's First Set of Discovery, Ex. H, filed under seal,

---

[4] Memorandum Decision and Order Granting in Part Defendant's Motion to Compel Further Responses to Defendant's First Set of Discovery, docket no. 32, filed August 19, 2009 at 5.

[5] Plaintiff's Supplemental Answer to Discovery, dated August 28, 2009, and attached as Exhibit 2 to Response to Defendant's Motion Re: In Camera Review of Plaintiff Fortie's Journal (Response to Motion for In Camera Review), docket no. 39, filed September 4, 2009.

[6] Motion to Compel Further Responses.

[7] Response to Motion for In Camera Review.

>Dkt. 27 (references to general manager Cinemark, and other Cinemark employees, events that happened at Cinemark, coworker's sentiments and interactions with general manager, coworkers's emotional and psychological state and other possible stressors).[8]

Based on this and other arguments made in the motion for in camera review, the Defendant continues to maintain that it should have access to the entire journal. Tenth Circuit precedent, however, does not require production of the entire diary but only those pages that relate to the issues of the lawsuit.

>Surely the defendants do not want to waste valuable time in reading entries in [Plaintiff's] diary which are purely personal in nature and in no manner relate to his dispute with the [Defendant]. The only possible reason the defendants would want to inspect and copy non-relevant entries would be to cause embarrassment. Rule 26(c) permits a trial judge to enter protective orders which will protect a party from annoyance, embarrassment, oppression, or undue burden.[9]

It is appropriate that the trial court review the diary to make sure all relevant pages have been disclosed and that irrelevant material is not produced.[10]

---

[8] Motion for In Camera Review at 3.

[9] *Cooke v. New Mexico Junior College Board*, 579 F.2d 568, 570 (10th Cir. 1978).

[10] *Id.* at 569-70

Fortie's journal contains 169 pages, with the first entry made on November 5, 1994 and the last entry dated June 8, 2008.  It contains four sections, with some large temporal gaps:

|         |                   |                            |
|---------|-------------------|----------------------------|
| Section 1 | Pages 1 - 98     | Nov. 5, 1994 - Feb. 10, 2002 |
| Section 2 | Pages 99 - 153   | June 30, 2002 - May 8, 2005 |
| Section 3 | Pages 153 - 166  | April 9, 2006 - May 28, 2006 |
| Section 4 | Pages 166 - 169  | June 8, 2008 |

Fortie's employment with Defendant began in May 2002 and terminated before the April 2006 diary entry.  The events complained of in this suit began in Spring 2005.  Section 1 pre-dates Ms. Fortie's employment with Defendant, and therefore contains no information regarding this lawsuit.   Section 4 is one entry on one day and contains no references to any matter concerned with this lawsuit.  These sections need not therefore be produced.

It should also be noted that most, if not all, of the entries in Section 2 were not made contemporaneously (i.e. on the day of the event) but rather are retrospective entries.  This fact may reduce the evidentiary value of any of the material found in the journal but the material produced is still discoverable.

Section 2 is the most contemporaneous with the period of Ms. Fortie's employment.  She began working part-time for Defendant while still in high school.  As might be expected, much of the content is about the typical concerns and events of a high school student and the adjustments to life after high school.  Nothing of relevance to the facts of this case is noted in the diary in the time period before Kirk Swarthout became her manager in the Spring of 2005.  Years before that time, she does discuss relationships with co-workers other than her co-Plaintiffs and even a brief romantic interest in a co-worker who was not a manager or supervisor in 2003.  That time period is remote to the time relevant in this case.  The subject matter is remote to the

4

issues in this case.

The diary pages which contain any references to Cinemark, Kirk Swarthout, or the issues raised by the pleadings of this case have already been produced, except for one entry earlier in 2005, months before Swarthout was mentioned. On the last line of page 143 and the first two lines of page 144, Plaintiff Fortie refers to a "computer journal." This is a relevant fact, and Plaintiff's counsel shall review this computer journal and confer with defense counsel regarding its contents and make appropriate production.

As to the pages already produced, some of the Plaintiff's redactions will be revised. The Court will make a slight adjustment to the redaction found at page 145, remove all redactions from pages 147 and 148, and will remove the redaction of one paragraph on page 152. The Court finds that pages 149, 150, 151, and 153 have been properly redacted and orders no changes to them. Accordingly, Pages 143-145 and 147-153 *as redacted by the court* will be provided to Plaintiff's counsel, who will provide them to the Defendant within 10 days of this order, unless Plaintiff Fortie files a written objection to this order within that time period. In the event such an objection is filed, production shall be stayed until the objection is resolved by the district judge. The original journal will be available for Plaintiff Fortie to retrieve from the chambers of the magistrate judge after ten days from entry of this order.

## **ORDER**

IT IS HEREBY ORDERED that the motion for in camera review[11] is GRANTED in that within 10 days of this order, Plaintiff Fortie will provide the court's redacted pages to Defendant, unless she files a written objection to the district judge within that time period.

October _9th_ 2009.

BY THE COURT:

_____
David Nuffer
United States Magistrate Judge

---

[11] Motion for In Camera Review of Plaintiff Fortie's Journal, docket no. 35, filed September 2, 2009.