IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SUSAN COMBE, KRYSTEL FORTIE, VALERIE KEYES, KRISTI KLITGAARD, KARON HAROLDSON, MICHAEL MCLELLAND, JACLYN MILLS, & JENNIFER PYLES,<br><br>　　　Plaintiffs,<br><br><br><br><br><br><br><br><br><br>　　　vs.<br><br><br>CINEMARK USA, INC.,<br><br>　　　Defendant. | MEMORANDUM DECISION AND ORDER SUSTAINING DEFENDANT'S PARTIAL OBJECTIONS TO ORDER GRANTING IN PART DEFENDANT'S MOTION TO COMPEL FURTHER RESPONSES TO DEFENDANT'S FIRST SET OF DISCOVERY<br><br><br><br><br>Case No. 1:08-cv-142 TS |

This issue is before the Court on Defendant's Partial Objection to the Magistrate Judge's Order Granting in Part Defendant's Motion to Compel Further Responses to Defendant's First Set of Discovery.

## I. Procedural History Background

The underlying issue in this case is an alleged violation of Title VII of the Civil Rights

Act of 1964.[1]  There are eight Plaintiffs in this action, each seeking damages for both emotional

distress and anxiety caused by the alleged employment discrimination, harassment, and

retaliation.[2]  Plaintiffs are seeking lost wages, special, general and punitive damages occasioned

by the wrongful actions of Defendant.[3]

On July 6, 2009 Defendants filed a Motion to Compel Further Responses.[4]  Among other

things the motion asked this Court to order Plaintiffs to "[p]roduce all evidence relating or

referring to Plaintiffs' medical history and medical treatment sought by Plaintiffs since 2005,"

and to complete and sign authorization forms provided in conjunction with that discovery.[5]   On

August 19, 2009, a Magistrate Judge partially granted this motion to compel but did not grant the

request for production of medical history and treatment or completion and signature of the

authorization form.[6]  The Magistrate Judge found that because Plaintiff raises only "garden

variety" claims, they are not required to produce medical records.[7]  The Magistrate Judge then

stated that the request for each Plaintiff to sign an authorization form was unnecessary given the

previous finding that Defendant is not entitled to discovery of the medical records.

Defendant filed a partial objection, at issue here,  pursuant to Fed.R.Civ.P Rule 72(a) to

---

[1]Complaint, Docket No. 1 at ¶ 1.

[2]*Id*. at ¶¶ 9, 14, 19, 24, 29, 34, 39, 44.

[3]*Id*. at ¶¶ 1-4.

[4]Docket No. 24.

[5]*Id*. at pg. 2.

[6]Docket No. 32. at pg. 3-4.

[7]*Id*. at 3.

that order on September 9, 2009.  Defendant argues that the Magistrate Judge used the wrong standard in determining it is not entitled to discovery of Plaintiffs' medical records.  For the following reasons the Court agrees with Defendant and will sustain Defendant's objection and remand to the Magistrate Judge to determine the issues under the proper standard.

## II. Standard of Review

28 U.S.C. § 636(b)(1)(A) and Rule 72(a) of the Federal Rules of Civil Procedure, permit a district court to review a Magistrate Judge's orders on nondispositive matters under a clearly erroneous or contrary to law standard.[8]  The clearly erroneous standard applies to factual findings and requires an affirmation of the Magistrate Judge's decision unless "on the entire evidence [the court] is left with the definite and firm conviction that a mistake has been committed."[9]  The contrary to law standard however, permits the district court to conduct a plenary review of the magistrates purely legal determinations and may set aside an order if the wrong legal standard was applied.[10]

## III. Discussion

Defendant argues the federal rules allow for broad discovery under Rule 26(b)(1) and the

---

[8]28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a); *Sprint Communications Co. L.P. v. Vonage Holdings Corp.*, 500 F. Supp. 2d 1290, 1346 (D. Kan. 2007) (*citing First Union Mortgage Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000)); *Smith v. MCI Telecommunications Corp.*, 137 F.R.D. 25, 27 (D. Kan. 1991).

[9]*Smith*, 137 F.R.D. at 27 (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948) (internal quotations omitted)); *Sprint*, 500 F.Supp. 2d at 1346.

[10]*Williams v. Vail Resorts Development Co.*, 2003 WL 25768656, at *2 (D. Wyo. Nov. 14, 2003); *Sprint*, 500 F.Supp. 2d at 1346; *see also Computer Econ., Inc. v. Gartner Group, Inc.*, 50 F.Supp. 2d 980, 983 (S.D. Cal. 1999).

Magistrate Judge relied on the wrong standard and case law in denying its request.[11]  The Magistrate Judge relied on three cases in support of its denial, *EEOC v. Vail Corp.*,[12] *Kankam v. Univ. of Kan. Hosp. Auth.*,[13] and *Shreck v. N. Am. Van Lines, Inc.*[14]  Two of the cases deal with a defendants request for an independent medical examination (IME) under Rule 35, not the request for production of medical records, while the third deals with waiver of privilege and is not a Title VII claim.[15]  As previously stated, Defendant is not seeking an IME, and further the waiver of privilege rule discussed in *Shrek* is not applicable because it dealt with state law and the claim arose out of an automobile accident not a claim for emotional distress under Title VII.[16]

Under Fed. R. Civ. P. 26(b)(1) discovery may be obtained "regarding any non-privileged matter that is relevant to any party's claim or defense."[17]  "Relevancy, under this rule has been broadly construed to encompass 'any possibility that the information sought may be relevant to the claim or defense of any party.'"[18]  When the discovery requested appears relevant, the burden

---

[11]Docket No. 33 at 4-5.

[12]2008 WL 4489256, at *2 (D. Colo. Oct. 2, 2008).

[13]2008 WL 4369315, at *4 (D. Kan. Sept. 23, 2008).

[14]2006 WL 1720545, at *2 (N.D. Okla. June 19, 2006); Docket No. 32 at pg. 3.

[15]*Vail Corp.*, 2008 WL 4489256, at *1 ("This matter is before the Court on Defendant's Motion for Rule 35 Examination." "Defendant moved to take an independant medical examination."); *Kankam,* 2008 WL 4369315, at *1 ("The instant dispute arises out of defendant's request that plaintiff submit to an independent medical examination pursuant to Fed.R.Civ.P. 35."); *Shreck*, 2006 WL 1720545, at *2 ("The Court finds the psychotherapist/physician-patient privilege has not been waived.").

[16]Docket No. 24, at pg. 2; *Shreck*, 2006 WL 1720545, at *1-2.

[17]*Wooten v. Certainteed Corp.*, 2009 WL 2407715, at *1 (D. Kan. Aug. 4, 2009).

[18]*EEOC v. Sheffield Financial LLC*, 2007 WL 1726560, at *3 (M.D.N.C. June 13, 2007) (*citing Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 473 (N.D. Tex. 2005)).

is on the party objecting to show discovery is not relevant.[19]  "Generally, discovery requests

seeking an employment discrimination plaintiff's medical and psychological records are held to

be relevant as to both causation and the extent of plaintiffs alleged injuries and damages for

emotional pain, suffering, and mental anguish."[20]  Medical records are also relevant to the

preparation of defendant's defenses against the emotional distress claims because the records

may reveal another source of stress unrelated to defendant which may have affected a plaintiff's

emotional distress.[21]  Medical records relating to treatment and counseling are relevant even

when plaintiff seeks "garden variety" emotional damages under Title VII.[22]  Restrictions on

discovery related to "garden variety" emotional distress claims are applicable in the context of a

Rule 35 motion, but even if a court finds a defendant is not entitled to a Rule 35 mental

examination the defendant is not precluded from obtaining discovery of a plaintiffs psychiatric

record.[23]

     The Magistrate Judge concluded that Plaintiffs were not required to produce medical

records because they only raise "garden variety" emotional distress claims.  This is contrary to

---

[19]*Sheffield*, 2007 WL 1726560, at *3; *Smith*, 137 F.R.D. at 27.

[20]*Owens v. Sprint/United Management Co.*, 221 F.R.D. 657, 659-660 (D. Kan. 2004); *Wooten*,  2009 WL 2407715, at *1; *Lefave v. Symbios, Inc.*, 2000 WL 1644154, at *2 (D. Colo. April 14, 2000) (medical records information is relevant to plaintiff's claim for emotional distress damages); *Becker v. Securitas Sec. Servs. USA, Inc.*, 2007 WL 677711 (Mar. 2, 2007) (finding medical records to be discoverable in a Title VII employment discrimination action claiming emotional distress); *see also Lanning v. Southeastern Pennsylvania Transp. Auth.*, 1997 WL 597905 (E.D. Pa. 1997) (motion to compel production of the plaintiff's medical and psychiatric records granted).

[21]*Sheffield*, 2007 WL 1726560, at *4; *Owens*, 221 F.R.D. at 659-660.

[22]*Wooten*, 2009 WL 2407715, at *1; *Owens*, 221 F.R.D. at 660;

[23]*Owens*, 221 F.R.D. at 660; *Sheffield*, 2007 WL 1726560, at *5.

law, as set forth above.  Defendant is not seeking an independent medical review, if it were it would have to meet the more specific pleading requirement required by Rule 35.  This Court believes the appropriate standard is the more lenient discovery standard of Rule 26.  However, this Court is not ruling on Plaintiffs' newly raised privilege claims.  Nor does this Order rule on Defendant's entitlement to Plaintiffs' medical records or its request for authorization.  These issues should be determined by the Magistrate upon remand.  It is therefore

ORDERED that Defendant's Objection (Docket No. 33) is SUSTAINED and the Motion to Compel (Docket No. 24) is REMANDED to the Magistrate Judge for determination of the issue under the appropriate standard.

DATED   October 26, 2009.

BY THE COURT:

_____

TED STEWART
United States District Judge